**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **CLEO WILLIS, SR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 4:06CV1515 JCH** |
| | ) | |
| **ETHEL HEDGMAN LYE ACADEMY,** | ) | |
| **et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

<u>ORDER AND MEMORANDUM</u>

This matter is before the Court upon the application of Cleo Willis to commence this action without payment of the required filing fee. <u>See</u> 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that the applicant is financially unable to pay any portion of the filing fee. Therefore, applicant will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). In addition, the Court has reviewed the instant complaint and will dismiss it prior to service.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." <u>Neitzke v.</u>

Williams, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978), cert. denied, 439 U.S. 1070 (1979).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.  Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff, a parent of a student of Ethel Hedgman Lye Academy (the "Academy"), brings this suit under 42 U.S.C. § 1983. Named as defendants are the Academy (a charter school under Missouri law), Missouri Baptist University (the Academy's sponsor pursuant to Mo. Rev. Stat. § 160.405), and Laidlaw Bus Company. Plaintiff is seeking $1.5 million dollars in damages.

Liberally construed, the complaint alleges the following facts:

Plaintiff was unhappy with the Academy and with Missouri Baptist University ("Missouri Baptist") because his daughter's

school bus stop was six miles from their home.  Plaintiff made numerous phone calls and sent faxes to the Academy and to Missouri Baptist to convince them to move the bus stop to a location closer to plaintiff's residence.  Plaintiff was unhappy that he had to repeat certain information more than one time.  Either the Academy or Missouri Baptist called the police in response to plaintiff's phone calls and faxes.  The police went to plaintiff's house and served him with a summons to appear in court.

Plaintiff later made a sign that signified his dissatisfaction with the distance of the bus stop from his home. Plaintiff demonstrated with the sign in front of the Academy.  The Academy called the police while plaintiff was demonstrating.

Laidlaw Bus Company ("Laidlaw") caused plaintiff's daughter to be late to school several times.  Additionally, some unknown person caused plaintiff's daughter to feel "threatened" after plaintiff wrote a letter to the president of Laidlaw.

Plaintiff's daughter received an "F" in one of her classes.  The teacher told plaintiff that she would not administer a make-up test unless the daughter requested it.

Plaintiff has not alleged that his daughter is disabled. Plaintiff believes the above actions were taken because he is a single, African-American father.

## Discussion

The alleged facts do not rise to the level of "deprivation[s] of any rights, privileges, or immunities secured by the Constitution . . . ." 42 U.S.C. § 1983. As a result, the complaint is legally frivolous or fails to state a claim upon which relief may be granted, or both. <u>See</u> 28 U.S.C. § 1915(e)(2)(B).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief may be granted, or both. <u>See</u> 28 U.S.C. § 1915(e)(2)(B).

An appropriate order of dismissal shall accompany this order and memorandum.

Dated this <u>7th</u> day of <u>December</u>, 2006.

**/s/ Jean C. Hamilton**
**UNITED STATES DISTRICT JUDGE**